In the Matter of a Proposal or Plan by MORTGAGE COMMISSION OF THE STATE OF NEW YORK to Exercise Certain of Its Limited Powers with Respect to a Mortgage Covering Premises Known as No. 590 East 166th Street, Borough and County of Bronx, City and State of New York, Securing Mortgage Investments Issued and Guaranteed by Lawyers Mortgage Company and Designated as Mortgage No. 19,412.

In the Matter of the Application of BRUNO GLASER, Petitioner, for an Order Dispensing with the Production of a Mortgage Certificate and Directing the Issuance of a New Certificate in Lieu Thereof.

Supreme Court, Additional Special Term, Bronx County, January 17, 1940.

*Leonard William Gendler,* for the petitioner.

*Natanson, Pack & Scholer* [*A. S. Natanson* of counsel], for the trustees.

McGEEHAN, J. When the petitioner left Germany, as a condition thereto, he was denied the possession of the certificate in question by virtue of the law of Germany which prevented any one from taking out of the country any property, moneys or foreign credits. While the court sympathizes with the petitioner in his sad plight, it must not allow its personal feelings to influence it in adjudicating the legal question involved. It might well be that such certificate has been sold under German law to some unwilling purchaser who was obliged to pay a definite amount set by the government for it. As to such person there should be some consideration and he should at least be afforded his day in court. To proceed *ex parte* in this matter and in utter disregard of well-established principles of law would be the result of the " hydraulic pressure " referred to by the late Mr. Justice HOLMES in writing his opinion in the case of *Northern Securities Co.* v. *United States* (193 U. S. 197, 400, 401), in which he goes on to state: " great cases are called great, not by reason of their real importance in shaping the law of the future, but because of some accident of immediate overwhelming interest which appeals to the feelings and distorts the judgment. These immediate interests exercise a kind of hydraulic pressure which makes what previously was clear seem doubtful, and before which even well settled principles of law will bend."

This court must refrain from riding rough shod over American rules, precedents and traditions, even where such practice under the prevailing circumstances might meet with popular approval since the advantage would be illusory and ephemeral and lend weight to the suspicion that hysteria has been permitted to find refuge in an American courtroom. The court recalls and reiterates in part the forceful and pertinent language of the late Mr. Justice CARDOZO used in his opinion in the case of *Matter of Doyle* (257 N. Y. 244, 268) to the effect that " A community whose judges would be willing to give it whatever law might gratify the impulse of the moment would find in the end that it had paid too high a price."

Therefore, this court in order to obviate the possibility of loss will grant the application upon the petitioner's furnishing security adequate in the opinion of the trustees to secure them in any payments they might make to the petitioner or his assignee if it eventually is established that some third party has a paramount right

to the money paid on the certificate. To protect this petitioner in his claim this court will direct the trustees to make no payments to any other claimant than the petitioner until notice of such claim has been given to the petitioner and a reasonable time afforded to him to litigate such conflicting claim.

Settle order accordingly.